## NEW YORK LIFE INS. CO. v. INSKEEP et al.

No. 29611.

United States District Court
N. D. California, S. D.

April 17, 1951.

McCutchen, Thomas, Matthew, Griffiths & Greene, San Francisco, Cal., for plaintiff.

Lucille F. Athearn, San Francisco, Cal., for defendant Violamae Bright Inskeep.

Fernhoff & Wolfe, Oakland, Cal., for defendant Norma L. Inskeep.

HARRIS, District Judge.

Plaintiff insurance company has deposited with the Court approximately $4,000 which sum represents the proceeds of two life insurance policies upon the life of Millard C. Inskeep. The claimants to this sum are Violamae Bright Inskeep (Glover), divorced wife of deceased, and Norma L. Inskeep, administratrix of the estate of the deceased, and wife at the time of his death.

There are two insurance policies involved, one of $1,000 issued in 1929 and the other of $3,000 issued in 1939. Both policies contain clauses reserving the right to the insured to change beneficiaries. At the time of insured's death the policies stood in the name of Violamae Inskeep as beneficiary. The $3,000 policy had never been changed; the $1,000 policy had originally been made out to the estate of the insured and was changed to Violamae Inskeep shortly after her marriage to deceased in 1930.

The marital relationships of the respective parties are as follows:

Millard and Violamae Inskeep were married in Colorado in 1930 and lived together in that city for eleven years. Induction in the Military Service of Mr. Inskeep forced their separation in early 1942 when he was sent overseas. Thereafter, they saw each other only briefly in 1944 when Mr. Inskeep requested a divorce and in June 1945 when they had a brief visit.

Prior to decedent's departure overseas his marital life had been an amicable one and had not been disrupted by any definite breach with his wife, Violamae. While overseas, decedent underwent great mental stress and strain which apparently resulted in his building up unfounded resentment toward his wife. The record indicates that decedent believed he made certain errors of judgment during tank battles in which losses were heavy. He felt personal responsibility for the death of his men and had difficulty in recovering from the shock. When Mr. Inskeep returned to his wife from Army duty he was despondent, morose and moody and determined upon his own initiative that the marital relationship could no longer persist. In April, 1948, the Inskeeps separated permanently and an interlocutory decree was entered. This became final in six months. Both parties thereafter remarried, Inskeep marrying Norma and living with her as husband and wife for approximately one year prior to his death.

As the insurance policies stood at the time of Inskeep's death, his divorced wife was entitled to their proceeds even under Colorado law, since she was the named beneficiary. This is so unless deceased effected a change in beneficiaries prior to his death. It is the contention of his widow that such change was accomplished by Mr. Inskeep's conduct during the several years preceding his death.

On August 3, 1945, Mr. Inskeep sent written requests to the company seeking change in the beneficiary of each of his policies. He delivered these requests to the office of the insurance company together with the explanation that he was attempting to secure the policies themselves from his wife who was holding them. He never succeeded in obtaining the policies although he paid premiums on them during the year 1945–46. After 1946 he stopped paying premiums.

Defendant Violamae Inskeep contends that deceased never effectuated a change in beneficiaries and that he made a gift of the policies to her in early 1942 prior to his departure overseas. She also alleges that she, herself, paid many premiums over the years out of her separate earnings and accordingly obtained an interest in the policies. In addition, she contends that the action of the insured established the fact that he recognized her ownership and led her to believe that she was indeed the beneficiary.

As opposed to these several theories the widow contends that Violamae Inskeep has failed to establish the fact of a gift or of conduct on the part of deceased that would lead the divorced wife to believe she was the owner of the policies

Furthermore, Norma Inskeep contends that payment of premiums was not made by Violamae out of her separate earnings, but rather was accomplished from pooled earnings and from allotment checks sent Violamae by her husband during his years in the Army.

The evidence indicates that at the time of decedent's departure overseas decedent turned over to his wife, Violamae, the policies and stated to her that they were hers and that she should be sure to make payment of the premiums in order to protect her interest. At this time the Inskeeps had been happily married for almost twelve years and had worked together to maintain a home and to keep the policies intact. As previously stated, Violamae, herself, had frequently paid the premiums when her individual earnings permitted her to do so. Both she and her husband looked upon the two policies as a means of protecting the wife when he should die. With the receipt of orders directing Mr. Inskeep to proceed to the Pacific area at a time of great danger, it was but natural that he should make final his determination that his wife should be not only the beneficiary of the policies, but the owner as well. It was under these circumstances that the gift was accomplished.

■ The fact that informal language was used by a husband in turning over policies which his wife had helped to sustain over the years does not deprive the transaction of its gift implications. The subsequent conduct of Violamae in religiously paying the premiums and maintaining the policies in her possession is further evidence of the fact that she considered herself both owner and beneficiary.

■ The conduct of Mr. Inskeep after he returned from his tour of duty overseas must be interpreted in the light of the ordeal he was forced to undergo during his period of service in the Army. His psychopathic reaction to his battle experience translated itself into an embittered relationship with his wife. He requested a divorce and sought to control once again the insurance policies which he had turned over to his wife. Since

this Court is prepared to hold that Mr. Inskeep effectuated his transfer of the policies before he departed for overseas duty and that his wife's conduct in preserving the policies and paying the premiums gave rise, at the very least, to an equitable estoppel against her husband's asserting any claim to the policies, it is not necessary to analyze the conduct of decedent in seeking to change beneficiaries after the war. His acts were in vain and were those of an outsider to a completed transaction.

The policies themselves call for surrender under the company rules in order to accomplish change of beneficiaries. While circumstances which make such surrender impossible will be considered by courts in determining whether an insured is successful in accomplishing a desired change in the absence of an actual surrender, the Court finds that decedent in the instant case was no longer the owner of or entitled to the possession of the policies.

It is ordered that judgment be entered in favor of Violamae Bright Inskeep in the amount prayed upon preparation of findings of fact and conclusions of law.